Deaderick, J.,
delivered tbe opinion of tbe court:
Shannon bad sued Ezell before a justice of tbe peace of Weakley county. While tbe cause was pending before the justice tbe parties entered into a bond submitting tbe case to tbe arbitration and award of their arbitrators, who were authorized to decide tbe controversy between tbe parties “according to the evidence and equity of tbe case.” Tbe parties bound themselves to abide by tbe award, and that when signed by tbe arbitrators it should be filed with tbe justice before whom tbe cause was pending, and be entered as bis judgment in the case.
Before tbe arbitrators bad acted in tbe case the parties verbally agreed in their presence that- either party dissatisfied with tbe award should have tbe right to' appeal to tbe circuit court.
Tbe arbitrators published their award, which was as follows:
“July 10th, 1872. Wei, tbe undersigned referees, have this day adjudged that B. G. Ezell shall pay to E. J. Shannon tbe sum of eighty dollars.
“J. J. WARD,
“P. S. DuNLAp,
“J. W. JeskiNS.”
And judgment was accordingly entered for that sum in favor of Shannon against Ezell, from which judgment the latter appealed to the circuit court.
There, upon motion of Shannon by his attorney, the appeal was dismissed and a procedendo awarded. And from this judgment Ezell has appealed to this court.
We think this case is analogous to that of Bone v. Rice, 1 Head, 149, where it was held that where parties to a pending litigation submit it to arbitration, the award of the arbitrators to be made tbe judgment in the pending cause, *611 neither party can appeal, notwithstanding tíre right of appeal is expressly reserved.
The abjections taken in the ease cited to entertain appellate jurisdiction in this court, seem to have been that this court could not know what questions of law, or of fact, may have arisen before the arbitrators in arriving at their conclusions, and, because, treating the appeal as one from the award of the arbitrators rather than from the judgment of the court thereon, this court had no jurisdiction of appeals from any other than judicial tribunals. The award of the arbitrators is the decision of the cause, the justice, or court, merely entering judgment upon such decision by the consent and agreement of the parties.
It might have been added as an additional reason for refusing to entertain jurisdiction, that if it does not appear that the award was intended to be made in conformity to the rules of law, but according to the opinions of the arbitrators as to what is right between the parties, even if the award is not in strict conformity to the rules of law, it will be valid. ' .
Arbitrators have a larger latitude of discretion in deciding controversies than courts of law.
Other modes of rectifying grossly erroneous and unjust atvards of arbitrators are provided by law.
The result is, that in our opinion, there is no error in the judgment of the circuit court, and we affirm it.